# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | Case No. 1:10CR00043-001 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **MICHAEL LEON COOPER,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant. ) | |

*Daniel J. Murphy, Assistant United States Attorney, Abingdon, Virginia, for United States; Nancy C. Dickenson-Vicars, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

Defendant Michael Leon Cooper, sentenced by this court on October 5, 2011, has moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). He contends that if he were sentenced today, he would receive a significantly shorter period of imprisonment than that which he is currently serving. He further argues that the risk posed to him by the COVID-19 pandemic constitutes an extraordinary and compelling reason for a sentence reduction, as does his need to care for his parents' deteriorating health conditions. For the reasons that follow, I will grant the motion.

I.

On April 8, 2010, Cooper was arrested following a high-speed chase after law enforcement attempted to conduct a routine traffic stop due to an expired inspection

sticker.  He ultimately crashed his vehicle in Marion, Virginia, and a subsequent search of the vehicle revealed three firearms, two of which were loaded, 75 practice hand grenades and fuses, $992 in cash, and a small amount of marijuana and methamphetamine.  Cooper later confessed to his involvement in a large-scale methamphetamine distribution ring in Southwest Virginia and Western North Carolina.

On May 19, 2011, Cooper pled guilty, pursuant to a written plea agreement, to Counts One, Eight, and Eleven of the Indictment.  Count One charged him with conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846; Count Eight charged him with possession of explosives as a felon and unlawful user of controlled substances, in violation of 18 U.S.C. § 842(i)(1), (3) and 21 U.S.C. § 802; and Count Eleven charged him with possession of firearms in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1).  He was designated a career offender under section 4B1.1 of the Sentencing Guidelines Manual, based on conviction of Count One, combined with two prior convictions — distribution of marijuana to a minor and possession with intent to distribute between ½ ounce and 5 pounds of marijuana.  His then-applicable guidelines range was 270 to 322 months incarceration as to Counts One and Eight, with a statutory mandatory minimum term of 120 months on Count One and a statutory mandatory consecutive minimum term of 60 months on Count

Eleven. The terms of his plea agreement provided that the government would not oppose a sentence outside of the advisory guideline range. On October 5, 2011, this court sentenced Cooper to a total term of 240 months incarceration, consisting of 180 months on Count One and 120 months on Count Eight to be served concurrently, and 60 months on Count Eleven to run consecutively, to be followed by 5 years of supervised release. Cooper is housed at FCI Ashland, and his current projected release date is October 8, 2027.

Eight years after Cooper was sentenced, the Fourth Circuit decided *United States v. Norman*, 935 F.3d 232 (4th Cir. 2019). There, the court held that conspiracy to distribute a controlled substance is not categorically a "controlled substance offense[]" for purposes of the career offender sentencing enhancement. *Id.* at 239. Accordingly, if Cooper were sentenced today, he would not be considered a career offender based on Count One, and he therefore would benefit from Amendment 782 to the Sentencing Guidelines, which reduced the base offense levels assigned to most drug quantities in § 2D 1.1 by two levels. His total offense level would 30 (instead of 32), and his criminal history category of V (instead of VI), resulting in a guidelines range of 151–188 months (instead of 270–322 months). He would still be subject to the mandatory minimum sentence of 120 months on Count One and the mandatory consecutive minimum of 60 months on Count Eleven.

On May 11, 2021, after exhausting his administrative remedies, Cooper filed a pro se motion for compassionate release, contending that the risks to his health posed by the COVID-19 pandemic and his need to care for his elderly parents constitute extraordinary and compelling reasons for a sentence reduction. This court appointed the Federal Public Defender to represent him and on October 27, 2021, counsel filed a supplemental motion, reiterating that the defendant's medical conditions, specifically nocturnal epilepsy and a deviated septum, placed him at increased risk from the coronavirus and his family circumstances are pressing enough to be considered extraordinary and compelling. An amended motion was filed on November 3, 2021, raising the same arguments. On December 1, 2021, the government filed its response in opposition, noting that Cooper has been fully vaccinated against COVID-19, which reduces his risk of adverse health outcomes from exposure to coronavirus, and that he has failed to establish that he is the only person capable of caring for his parents.

On December 10, 2021, the defendant responded, arguing for the first time that if he were sentenced today, he would no longer qualify as a career offender and based on changes in the drug weight table, his sentence would be substantially less than the sentence he is currently serving. The court ordered the government to file supplemental briefing to address this new argument. In its response, the government concedes that Cooper no longer qualifies as a career offender, but it nevertheless

contends that he has not established a compelling and extraordinary reason, as changes in sentencing laws routinely favor future defendants over past-sentenced defendants and that the disparity in his sentence is not so extreme as to warrant relief. Moreover, the government argues that the sentencing factors under 18 U.S.C. § 3553(a) militate against a sentence reduction.

The motion has been fully briefed and is now ripe for decision.

II.

The governing statute provides that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  The Sentencing Commission has not issued any applicable policy statements after the statute was amended by the First Step Act in 2018.  Although I may not reduce Cooper's sentence pursuant to a non-retroactive change in sentencing law, the Fourth Circuit has held in *United States v. McCoy*, 981 F.3d 271, 284, 286 (4th Cir. 2020), that when deciding a compassionate release motion, the court may consider *any* extraordinary and compelling reason raised by the defendant, including the length and disparateness of the sentence.  The Fourth Circuit has not considered whether *Norman*'s holding, standing alone, constitutes an extraordinary and compelling circumstance, but several judges of this district have concluded that *McCoy*'s reasoning extends to cases in which defendants

would no longer be considered career offenders if sentenced today. *See, e.g.*, *United States v. Fennell*, No. 7-13CR00059, 2021 WL 5149915, at *5 (W.D. Va. Nov. 4, 2021).

Here, I find that the disparate severity of Cooper's sentence — potentially as great as five years longer than the sentence he likely would receive today, if sentenced below his guidelines range to account for the statutory minimum sentences on Counts One and Eleven, is an extraordinary and compelling reason for a sentence reduction under § 3582(c)(1)(A).[1] While Cooper's status as a career offender prevented him from receiving a two-level reduction based on Amendment 782, following *Norman*, Cooper is now entitled to benefit from that change in the Sentencing Guidelines. Sixty months is 25% of his 240-month sentence, and I conclude that is a significant disparity. *See, e.g.*, *United States v. Salam*, No. 7-12CR00073-002, 2022 WL 72480 (W.D. Va. Jan. 4, 2022) (concluding that 58 months of 292-month sentence is a significant disparity).

A sentencing disparity alone is not enough to warrant reducing Cooper's sentence. I must also "reconsider[] the § 3553(a) factors" to determine whether the sentence remains no greater than necessary to meet § 3553(a)'s goals "in view of the extraordinary and compelling circumstances." *United States v. Kibble*, 992 F.3d

---

[1] Because I find that the sentencing disparity in this case presents a compelling and extraordinary reason, I need not consider the defendant's other arguments, namely the risks posed by the COVID-19 pandemic and his family circumstances.

326, 332 (4th Cir.), *cert. denied*, 142 S. Ct. 383 (2021).  Here, the government argues that the nature and circumstances of the offense weigh heavily against early release. He was arrested only after first eluding police in a high-speed chase before crashing his vehicle — placing law enforcement and the public at risk.  He played a significant role in the trafficking and importation of significant quantities of methamphetamine and dangerous weapons, including grenades and multiple firearms.  He also has a lengthy criminal history that involved violence and serious drug offenses.

On the other hand, Cooper has served over eleven years of his sentence, and in that time, he has had only one minor disciplinary infraction for tobacco possession.  In fact, because of his good behavior, he earned a transfer to a lower security facility.  He has also committed himself to rehabilitation and developing new skills while incarcerated, as evidence by the numerous education and vocational training programs that he has completed.  Mot. Compassionate Release Ex. E, ECF No. 339-5.  Moreover, at age 45, it is argued that he is statistically less like to reoffend.  It is also noteworthy that the court imposed a sentence below his guideline range based on the nature of the offense and the history and characteristics of the defendant.

Moreover, Cooper has a valid release plan. He intends to reside with his parents.  His parents are both in poor health, and he maintains that he will be able to provide them with much-needed support.  His father is confined to a wheelchair

following a stroke with no use of his left arm or leg, and while he is currently receiving home therapy, it will end soon and it is recommended that he attend outpatient therapy.  His mother, however, is unable to load the wheelchair into the car and struggles to assist his father with getting into the car.  His mother has also postponed much-needed knee surgery because there is no one who is able to care for his father.  Cooper will, of course, continue to be under his conditions of supervised release for 5 years.

After considering the parties' arguments and the § 3553(a) factors, I find that a sentence reduction is warranted in this case.  The current sentence is greater than necessary to achieve the statutory sentencing objectives and a lesser sentence, correctly applying the current version of the Guidelines, reflects the seriousness of Cooper's offense.  If sentence today, Cooper's guideline range for the drug charges would be 151–188 months.  I previously imposed a sentence below the guideline range.  Here, I will impose a similar sentence, with 120 months on Counts One and Eight, to run concurrently, with 60 months on Count Eleven, to run consecutively, for a total term of imprisonment of 180 months.

### III.

Upon motion of the defendant for a reduction in sentence under 18 U.S.C. § 3852(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a), and for the reasons stated, it is **ORDERED** as followed:

1. The defendant's motion, ECF Nos. 339, 346, and 351, are GRANTED;

2. The defendant's previously imposed sentence of imprisonment is REDUCED to a total of 180 months, <u>but not less than time served</u>, consisting of 120 months on Counts One and Eight, to run concurrently, and 60 months on Count Eleven, to run consecutively, with all other provisions of the Amended Judgment entered October 12, 2011, to remain in effect, including the length and conditions of supervised release; and

3. The Clerk shall provide a copy of this Opinion and Order to the Probation Office, which Office shall provide a copy to the Bureau of Prisons.

ENTER: May 2, 2022

/s/ JAMES P. JONES
Senior United States District Judge